# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

UNITED STATES OF AMERICA,

v.

AVERY ITEZ LONG,

     Defendants.

CRIMINAL CASE NO.

1:21-cr-00085-WMR

## ORDER

This matter comes before the Court on Defendant Avery Itez Long's Status Update [Doc. 114], which the clerk of court construed as a motion for sentence reduction under 18 U.S.C. § 3582(c)(2). The Court ordered the Government to file a response, which the Court has now received. [Doc. 117]. Upon consideration, Defendant's Motion is **DENIED**.

Any reduction in a defendant's sentence must be consistent with the Sentencing Commission's applicable policy statements. *See* 18 U.S.C. § 3582(c)(2) (providing a court may reduce a sentence pursuant to a retroactive amendment to the Sentencing Guidelines "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission"). As relevant here, the Sentencing Guidelines state a court "shall not reduce the defendant's term of imprisonment under

18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection." USSG § 1B1.10(b)(2)(A).[1] Therefore, the Eleventh Circuit has affirmed district courts' denials of requested sentence reductions where the originally imposed sentence was below the amended guideline range. *See, e.g.*, *United States v. Jackson*, 632 F. App'x 530, 532 (11th Cir. 2015) (holding district court could not reduce sentence where the original 216 month sentence was still below the 262 to 327 month amended guideline range); *United States v. Castro*, No. 21-13653, 2023 WL 2531026, at *2 (11th Cir. Mar. 16, 2023) ("Because [the defendant]'s 240-month sentence was already less than the minimum sentence in his amended guideline range [262 months], he was not eligible for a sentence reduction.").

Here, this Court sentenced Defendant to 85 months of imprisonment. The amended guideline range for the Defendant, considering Amendment 821, is 120 months. *See* [Doc. 117-1]. Because Defendant's sentence remains lower than his amended guideline range, Defendant is ineligible for a sentence reduction under 18 U.S.C. § 3582(c)(2).

Accordingly, Defendant's Motion [Doc. 114] is **DENIED**.

---

[1] The following subsection of the Sentencing Guidelines provides an exception to this rule. District courts may lower a sentence below the amended guideline range in cases where the defendant's original sentence was lowered because the Defendant has provided "substantial assistance" to authorities. USSG § 1B1.10(b)(2)(B). There is no record evidence or argument that the substantial assistance exception applies in this case.

**IT IS SO ORDERED**, this 3rd day of February, 2025.


WILLIAM M. RAY, II
UNITED STATES DISTRICT JUDGE