IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

Crim. No.: 1:21-CR-85

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

FEB 18 2025

KEVIN P. WEIMER, Clerk
By: Deputy Clerk

Avery Itez Long )
)
    Defendant )
)
v. )
)
United States of America )
)
    Plaintiff )

---

Defendant's Request For Assistance To
Clarify To The BOP The Intent Of The
Court As To Time Credited To His
Sentence For Good Cause

---

Comes now, Mr. Avery Itez Long, the "Defendant" and respectfully Moves this Court for assistance clarifying the intended jail credit by the Court for Good Cause.

## STATEMENT OF THE CASE

Mr. Avery Itez Long plead guilty to a violation of 18 U.S.C. § 922(g)(1) "Felon in Possession of Firearm." (Count 2 of the indictment). The Court accepted the plea agreement between Long and the Government and sentenced Long to 85 months of imprisonment followed by 3 years of supervised release.

Although the adopted plea agreement stipulated to prior time to be credited, the written judgment did not unambiguously stipulate to that time to be credited. Mr. Long Comes here seeking the Court's assistance to clarify to the BOP the intended jail credit.

## STATEMENT OF FACTS

At Page 7 of the plea agreement; DOC # 82-1 @ Pg. 7 ¶ 17 the parties stipulated to "Defendant be sentenced at the low end of the adjusted guideline range [emphasis added] with credit for time served since January 8, 2020. The Court accepted the plea contract and sentenced Long to the low end of the guidelines. However, and most importantly, the written Judgment did not unambiguously stipulate that Long should get credit for the time served since January 8, 2020. That omission has resulted in the BOP miscalculating Mr. Long's sentence.

## DISCUSSION

Most importantly, Mr. Long is not requesting the Court to instruct the BOP as to the proper calculation of the sentence. To the contrary, Long simply requests clarification of the intended credit by the Court. Clearly, Page 7 ¶ 17 stipulated to the fact Mr. Long should get credit for time served. See Attached. However, because the written Judgment does not stipulate to this the BOP has neglected to give Mr. Long any credit. See Attached BOP Classification. Accordingly, the Court should clarify to the BOP it was intended that Mr. long get credit from January 8, 2020 to the date of sentencing.

**WHEREFORE**

Mr. Long prays the Court will after considering the above and the Attached, that the Court will grant the requested relief, and/or any and all relief the Court deems equitable.

Respectfully Submitted on Feb. 13, 2025

*Avery Utez Long*
Avery Utez Long
# 32593-509
FCI Edgefield
P.O. Box 725
Edgefield, SC, 29824

Avery Long 32593509
Federal Correctional Institution
P.O. Box 725
Edgefield, SC 29824

WMK

Legal Mail



ATLANTA GA RPDC 302

13 FEB 2025 PM 5 L

◇32593-509◇
U S Courthouse
75 TED Turner DR SW
Atlanta, GA 30303
United States

CLEARED DATE

FEB 18 2025

U.S. Marshals Service
Atlanta, GA 30303

30303-330999