# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> v. <br><br> AVERY ITEZ LONG, <br><br> Defendant. | CRIMINAL CASE NO: <br> 1:21-cr-00085-WMR |

## **ORDER**

This matter comes before the Court on two filings by Defendant Avery Itez Long. [Doc. 120, 123]. In both filings, Mr. Long cites his plea agreement, which recommended that Mr. Long get credit for time served starting on January 8, 2020. Mr. Long says his current max out date does not account for this credit, and he requests that the Court "clarify to the BOP it was intended that Mr. Long get credit from January 8, 2020[,] to the date of sentencing." [Doc. 123 at 2]. To the extent the Court construes Mr. Long's filings as motions for credit for time served or similar relief, the motions are due to be denied.

**I.     BACKGROUND**

On March 2, 2021, a grand jury returned an indictment against Defendants Eric Tyrone Weems and Avery Itez Long. [Doc. 1]. Mr. Long was named in two counts and charged with (1) conspiring to possess with intent to distribute a

1

controlled substance (21 U.S.C. §§ 841(a)(1), 846); and (2) possession of a firearm by a convicted felon (18 U.S.C. § 922(g)). [*Id.*]. As Mr. Long's counsel later explained, the charged conduct occurred at a time when Mr. Long was on parole for a state conviction and arose from federal and state law enforcement officers' search of Mr. Long's apartment. [Doc. 103 at 16] (sentencing hearing transcript). On June 22, 2022, Mr. Long plead guilty to the possession of a firearm charge. [Doc. 82]. The plea agreement stated the Government agreed "to recommend that the Defendant be sentenced . . . with credit for time served since January 8, 2020." [Doc. 82-1 at 7].

At Mr. Long's sentencing hearing, the Court questioned the logic underlying the joint recommendation that Mr. Long receive credit for time served starting on January 8, 2020. Mr. Long's counsel, a federal defender, represented that the indicted conduct also constituted a violation of Mr. Long's state parole, which resulted in revocation of his parole. [Doc. 103 at 17]. Upon Court questioning, the federal defender conceded that Mr. Long "would have been in state prison regardless of whether the federal government had decided to charge him . . . ." [*Id.*]. Later in the hearing, the federal defender represented that Mr. Long's parole had been revoked for twenty-six months, making Mr. Long eligible for release from state custody in March 2022. [*Id.* at 29]. Recognizing that the Bureau of Prisons generally determines time-served credit, the federal defender noted that "some of the judges,

the way they resolve that is they reduce the sentence at sentencing by the amount of time that he served to ensure that he gets credit for the time served." [*Id.* at 18].

In sentencing Mr. Long, the Court varied the sentence downward an additional seven months, thereby accounting for the time Mr. Long had been incarcerated between the end of his parole revocation in March 2022 and the date of sentencing (October 18, 2022). [*Id.* at 35]. The Court considered this a "front end" credit for the time served, but did not provide for similar credit for time served starting in January 2020. [*Id.* at 34]. The Court reiterated its general lack of control over credit for time served, stating:

> Since I don't really control what happens from the Bureau of Prisons' standpoint and should the Bureau of Prisons decide to give you more time credit for the time that you've been held for the parole violation, then, you know, that's their decision. That's not mine to make.

[*Id.* at 35]. Ultimately, the Court sentenced Mr. Long to eighty-five months imprisonment. [*Id.*].

## II. ANALYSIS

The Court has summarized Mr. Long's sentence and sentencing hearing to correct Mr. Long's misapprehensions regarding his sentence. The Court never ordered that Mr. Long receive credit for time served beginning in January 2020. The plea agreement may have recommended such credit to the Court, but the Court was under no obligation to accept that recommendation. Although the Court provided a

downward variance to account for some the time served by the Defendant between March 2022 and sentencing, time-served credit is generally a matter for the Bureau of Prisons. *United States v. Wilson*, 503 U.S. 329, 334–36 (1992) (determining that credit for time served is a matter for the Attorney General, rather than the district courts); *United States v. Nyhuis*, 211 F.3d 1340, 1345 (11th Cir. 2000) ("The granting of credit for time served 'is in the first instance an administrative, not a judicial, function.'" (quoting *United States v. Flanagan*, 868 F.2d 1544, 1546 (11th Cir. 1989))). Therefore, as the Court reiterated at the sentencing hearing, any requests for time-served credit must be directed to the Bureau of Prisons. This Court may hear Defendants claims for credit for time served "under 28 U.S.C. § 2241 after the exhaustion of administrative remedies." *Id.*[1]

Accordingly, both of Mr. Long's filings [Doc. 120. 123], which the Court construes as motions, are **DENIED**.

**IT IS SO ORDERED**, this 2nd day of April, 2025.

WILLIAM M. RAY, II
UNITED STATES DISTRICT JUDGE

---

[1] At this stage, the Court does not attempt to resolve whether Mr. Long qualifies for time-served credit under 18 U.S.C. § 3585.